UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                              Case No. 19-CR-151

GABIEL Y. BONILLA,

        Defendant.

## AMENDED ORDER DENYING MOTION FOR SENTENCE REDUCTION

On September 14, 2021, Defendant Gabiel Y. Bonilla entered a plea of guilty to the crime of conspiracy to distribute and possess with intent to distribute at least 100 grams but less than 1 kilogram of heroin and 40 grams but less than 400 grams of fentanyl. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the plea agreement required the court to impose a sentence of 7.5 years of imprisonment upon acceptance of Bonilla's plea of guilty. The court accepted the plea and imposed the mandated sentence. Bonilla, on January 16, 2024, sent a letter to the court requesting a determination of whether he is eligible for a sentence reduction based on the retroactive applicability of Amendment 821 to the United States Sentencing Guidelines.

In an order issued on January 17, 2024, the court concluded that Bonilla was not entitled to a reduction. The court noted that Amendment 821 reduced the assignment of status points in determining a defendant's criminal history but concluded that the reduction would not apply where the sentence was imposed under a plea agreement entered pursuant to Rule 11(c)(1)(C). That determination was in error. In *Hughes v United States*, 584 U.S. 675 (2018), the Court held that a

Rule 11(c)(1)(C) plea agreement did not prevent sentence reduction based on revised Guidelines where the plea agreement was based in part upon the Guidelines. *Id.* at 686–687. Based on *Hughes*, it therefore appears that the court's reasoning in its previous order was in error. The result remains the same. Bonilla had fifteen criminal history points, even without considering the two status points that were added. As a result, his criminal history category remains the same and, thus, his sentence range under the Guidelines remains unchanged. Under these circumstances, Bonilla is nevertheless not entitled to relief. Accordingly, the motion was, and hereby still is, denied.

**SO ORDERED** at Green Bay, Wisconsin this  13th   day of May, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge